IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:
MAGEE BENEVOLENT ASSOCIATION D/B/A MGH CHAPTER 11
 Debtor CASE NO. 18-03283-KMS

---

**TRUSTMARK NATIONAL BANK'S RESPONSE
TO DEBTOR'S EMERGENCY MOTION TO
USE CASH COLLATERAL AND FOR OTHER RELIEF (DKT. # 3)**

---

Trustmark National Bank ("Trustmark") for its response to the Debtor's Emergency Motion to Use Cash Collateral and For Other Relief (Dkt. # 3) would state as follows:

1. On August 24, 2018, Magee Benevolent Association, d/b/a MGH ("Debtor") filed its voluntary petition for relief pursuant to Chapter 11 in this Court. That same day, the Debtor filed this motion seeking permission to use cash collateral on a 15-day emergency basis.

2. Trustmark is a secured creditor in this case by virtue of the following:

    a. On or about May 9, 2007, the City of Magee, Mississippi issued a $5,500,000 City of Magee Hospital Revenue Bond, Series 2007A (Magee General Hospital Project) ("A Bonds") and a $2,000,000 City of Magee, Mississippi Hospital Revenue Bond, Series 2007B (Magee General Hospital Project) ("B Bond")(together the "Series 2007 Bonds") the proceeds of which were loaned by the City to the Debtor which owns a hospital facility know as Magee General Hospital (the "Hospital") and located in Magee.

    b. The Bonds were purchased by Trustmark pursuant to that certain Loan and Bond Purchase Agreement dated as of April 1, 2007, and executed by the City, the Borrower and the Lender (the "Loan Agreement"). Under the Loan Agreement, the Borrower granted a security interest to the Bondholder in, to

and under, *inter alia*, the Net Revenues as defined in the Loan Agreement. The Bonds are public finance bonds under Mississippi law. The Bond Purchaser's security under the Loan and Bond Purchase Agreement is perfected by that certain UCC-1 Public Finance Financing Statement #20070153188G filed on July 15, 2007 with the Mississippi Secretary of State, which under Mississippi law is effective for a period of 30 years from the date of filing. A copy of the UCC-1 Public Finance Financing Statement is attached hereto as Exhibit A.

c. The Bonds were further secured by a Deed of Trust, Security Agreement and Financing Statement executed by the Debtor on May 8, 2007 in favor of Trustmark pursuant to which the Debtor granted Trustmark a first lien security interest in the hospital property and all improvements and fixtures which deed of trust was filed of record in the office of the Chancery Clerk of Simpson County, Mississippi on May 17, 2007 in Book 2156 at Page 56.

d. The Bonds were further secured by a Security Agreement dated May 8, 2007, pursuant to which the Debtor granted Trustmark a security interest in the following:

> All Net Revenues of Debtor, as defined in that certain Loan and Bond Purchase Agreement dated as of April 1, 2007, by and among City of Magee, Mississippi, Magee Benevolent Association d/b/a Magee General Hospital and Trustmark National Bank; all of Debtor's accounts receivable, contract rights, general intangibles, inventory, furniture, fixtures and equipment, including, but not limited to, the capital equipment listed therein and all other goods of the same class whether now owned or hereafter acquired by Debtor, and the proceeds thereof, in connection with the operation, use and occupancy of the hospital.

e. Trustmark perfected its security interest in the assets described in the Security Agreement by filing a UCC-1 Financing Statement #20070098239A on May 10, 2007, which statement has been continued by virtue of a continuation statement filed with the Secretary of State on March 30, 2012 #20120666050B and on April 6, 2017 #20172247694B. Copies of the UCC-1 Financing Statement and continuations are attached hereto as Exhibit B. Based on the Loan and Bond Purchase Agreement and the Security Agreement and the financing statements filed to perfect the security interests, the accounts receivable of the Debtor are Trustmark's collateral as is the cash collateral generated from the receivables.

3. As of the petition date, the Debtor owed Trustmark $3,927,598.12 on the A Bond with interest accruing at the per diem rate of $493.109 and $178,561.63 on the B Bond with interest accruing at the per diem rate of $22.2307. These amounts are not subject to any dispute and Trustmark's perfected security interest is not subject to any dispute.[1]

4. The Debtor cannot use Trustmark's cash collateral without permission. Trustmark does not object to the emergency use of its cash collateral provided the its perfected lien is recognized as to the Debtor's accounts receivables and the proceeds thereof and the Court grants Trustmark a fully secured replacement lien on all the assets of the Debtor, including any post-petition accounts receivable and provided the Debtor only uses the cash collateral to pay the items approved by the Court based on a budget agreed to by Trustmark.

5. Trustmark reserves it right to withdraw the consent to use of its cash collateral and by consenting to the emergency use for a 15-day period, it does not agree to allow the use of

---

[1] The Debtor is also obligated to Trustmark on an additional note which has a balance due as of the petition date of $252,573.95.

its cash collateral on a going forward basis.

Trustmark respectfully requests that this Court condition the emergency use of its cash collateral upon providing it with a fully secured replacement lien on all of the Debtor's assets including but not limited to accounts receivable.

Respectfully submitted this 27th day of August, 2018.

**TRUSTMARK NATIONAL BANK**

By: /s/ Jim F. Spencer, Jr.
Jim F. Spencer, Jr.
One of its attorneys

OF COUNSEL

JIM F. SPENCER, JR. (MSB#7736)
C. JOYCE HALL (MSB#2123)
WATKINS & EAGER PLLC
P.O. BOX 650
JACKSON, MISSISSIPPI 39205
(601) 965-1900
jspencer@watkinseager.com
jhall@watkinseager.com

**CERTIFICATE OF SERVICE**

I, Jim F. Spencer, Jr., do hereby certify that I have caused to be served the above and foregoing pleading on all parties requesting notice by using the ECF filing system of the court and have also served separately a copy of said pleading by email on the following:

    Craig M. Geno  cmgeno@cmgenolaw.com
    Christopher J. Steiskel, Sr.  Christopher.j.steiskal@usdoj.gov

This 27th day of August, 2018.

    /s/ Jim F. Spencer, Jr.
    Jim F. Spencer, Jr.